## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **WILLIAM R. ARELLANO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No.** |
| ) | |
| ) | |
| **HARIBO OF AMERICA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, William R. Arellano ("Plaintiff"), by and through his attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the Defendant, Haribo of America, Inc. ("Defendant"), states as follows:

### NATURE OF ACTION

1.      Plaintiff brings this action against Defendant under the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.* ("ADA") for Defendant discriminating against him on the basis of his disability, failing to accommodate his disability, and for retaliating against him for requesting disability accommodations, complaining about disability discrimination, and complaining about not being provided disability accommodations, which culminated in the termination of his employment. Plaintiff also brings this action under Illinois common law for Defendant terminating his employment in retaliation for reporting fraudulent activity of his manager against Defendant.

### JURISDICTION AND VENUE

2.      Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331.  This Court has supplemental jurisdiction over Plaintiff's Illinois Common Law Retaliatory Discharge

claim pursuant to 28 U.S.C. §§ 1332 and 1367.

3.    Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois, Eastern Division, and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4.    Plaintiff filed an amended charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit B").

5.    Plaintiff timely filed his Complaint with the United States District Court for the Northern District of Illinois within 90 days of his receipt of the notice of right to sue.

## PARTIES

6.    Plaintiff is an adult, male individual and is a resident of Lyons, Illinois.

7.    Defendant is, and was at all times relevant to the allegations herein, a foreign corporation organized under the laws of the State of Delaware, regularly transacting business in Illinois and other surrounding states.

8.    At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the ADA.

9.    At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under the ADA.

## FACTUAL ALLEGATIONS

10.    Plaintiff began employment with Defendant on or around March 8, 2022, with his most-recent position being Procurement Buyer.

11.    At all times relevant, Plaintiff was qualified to perform the essential functions of a

Procurement Buyer for Defendant and was meeting Defendant's legitimate work performance expectations when said expectations were applied consistently without regard to disability or history of engaging in ADA protected activity.

12.     Plaintiff was diagnosed with severe vein and nerve damage as a result of blood clots. Plaintiff's disability substantially limits him in several daily life activities, including but not limited to standing and sitting and the major bodily function of blood circulation.

13.     At all times relevant to Plaintiff's claims, Defendant was aware of Plaintiff's disabilities.

14.     During the course of Plaintiff's employment, he has requested, and has been denied, reasonable disability accommodations from Defendant.  For instance, on one occasion, Plaintiff contacted the training provider for an upcoming 5-day negotiating skills training session to explain that he has a medical condition that can cause him complications when sitting for long periods of time and ask what kinds of accommodations may be available.  The trainer provider advised Plaintiff that trainees would definitely be sitting for long periods of time and advised that he could set up equipment so that Plaintiff could attend the training remotely. The training provider advised Plaintiff that this would not be any issue as they were already well equipped to provide remote viewing due to the recent Covid 19 pandemic.

15.     After initially being granted the accommodation by the training provider, Plaintiff's manager advised him that he could not attend the training remotely and that he should just stay home because he did not want the training organizer to have to make "extra accommodations" for Plaintiff. This caused Plaintiff to feel embarrassed and ostracized from his team.

16.     Plaintiff was also denied a request for accommodation he made in or around August 23, 2023 to work from home on an occasion when a new medication he was taking made him feel intermittently weak and dizzy because his manager "did not trust working from home."  Instead,

Defendant forced Plaintiff to take the rest of the week off, despite the fact that he had not asked to take the rest week off and did not need to take the rest of the week off. Again, this caused Plaintiff to feel embarrassed and ostracized from his team. Plaintiff's position was well suited for remote work and allowing Plaintiff to work from home would not have been unreasonably burdensome for Defendant and would have allowed Plaintiff to perform all of his essential job functions.

17. In October of 2023, Plaintiff reported Defendant's auditors that his manager, Walid Saad, asked Plaintiff to falsify financial documents to commit fraud against Defendant, which he refused to do.

18. In January of 2024, Plaintiff filed his initial charge of discrimination with the EEOC alleging failure to accommodate and disability discrimination ("Exhibit C").

19. In February of 2024, Plaintiff was suddenly terminated from employment by Defendant, per Mr. Saad's direction, without legitimate cause or justification. Mr. Saad indicated that Plaintiff was being terminated for "performance issues," despite the fact that Plaintiff had never been disciplined by Defendant, had never been issued a performance improvement plan, and had never been advised that his job performance was inadequate or deficient in any way.

## COUNT I
### (ADA – DISABILITY DISCRIMINATION)

20. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

21. The ADA prohibits employers from discriminating against employees on account of their disabilities and further requires employers to make reasonable disability accommodations to employees who are qualified individuals with a disability, so long as granting such accommodation would not create an undue hardship for the employer.

22. Plaintiff is a qualified individual with a disability in that he could perform the essential functions of his job.

23.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his disability when it terminated his employment as alleged herein.

24.     Defendant also failed to accommodate Plaintiff's disability when it denied his requested disability accommodations as alleged herein.

25.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

26.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

27.     Plaintiff demands to exercise his right to a jury trial in this matter.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count I and that it:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages to be proved at trial;

c)      Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages and compensation for emotional distress;

d)      Award Plaintiff reinstatement, or front pay in the alternative;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

## COUNT II
## (ADA – RETALIATION)

28.     Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

29.     The ADA prohibits employers from retaliating against employees for engaging in protected activity, such as requesting accommodations, complaining of disability discrimination,

or complaining that reasonable requests for disability accommodations were not granted.

30.     Plaintiff engaged in ADA protected activity when he requested disability accommodations from Defendant and filed a charge of discrimination with the EEOC.

31.     By its conduct as alleged herein, Defendant retaliated against Plaintiff for engaging in ADA protected activity when terminated his employment without legitimate cause or justification.

32.     As a result of Defendant's actions, Plaintiff has suffered lost wages and other economic losses.

33.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

34.     Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count II and that it:

a)      Award Plaintiff equitable/injunctive relief;

b)      Award Plaintiff the value of all actual damages to be proved at trial;

c)      Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages;

d)      Award Plaintiff reinstatement, or front pay in the alternative;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

## COUNT II
## (ILLINOIS COMMON LAW RETALIATORY DISCHARGE)

35.     Plaintiff pleads this count in the alternative.

36. Plaintiff realleges allegations 1-19 with the same force and effect as if more fully set forth herein.

37. Illinois courts have recognized a limited exception to the at-will employment rule in cases where an employee is fired in violation of an established public policy, such as being terminated for refusing to commit illegal acts, or reporting a manager for committing illegal acts, such as fraud.

38. Plaintiff refused to commit the fraudulent acts directed of him by Mr. Saad and reported him to Defendant for the same.

39. By the conduct alleged herein, Defendant terminated Plaintiff without legitimate cause or justification in violation of established public policy for refusing to commit fraud and reporting Mr. Saad for committing fraud.

40. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

41. Plaintiff demands to exercise his right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT III**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count III and that it:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages to be proved at trial;

c) Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reinstatement, or front pay in the alternative;

f) Award Plaintiff reasonable attorney's fees, costs and disbursements;

g)      Award Plaintiff any other relief this Court deems just and proper.


**WILLIAM R. ARELLANO**

By:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney



Michael T. Smith (ARDC No. 6180407 IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES, P.C.
10 Martingale Road, Suite 400
Schaumburg, Illinois 60173
(847) 466-1098 | (847) 895-0626
msmith39950@aol.com
msmithlaw123@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

|                              |     |            |
| ---------------------------- | --- | ---------- |
| **WILLIAM R. ARELLANO,**     | )   |            |
|                              | )   |            |
| **Plaintiff,**               | )   |            |
|                              | )   |            |
| **vs.**                      | )   | **Case No.** |
|                              | )   |            |
| **HARIBO OF AMERICA, INC.,** | )   |            |
|                              | )   |            |
| **Defendant.**               | )   |            |

---

**<u>COMPLAINT</u>**

# EXHIBIT A

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **440-2024-03895** |
| | FEPA | **N/A** |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. William R. Arellano | (708) 209-6731 | 1981 |

Street Address

4329 Fishermans Terrace

Lyons, IL 60534

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| HARIBO OF AMERICA | 201 - 500 Employees | (847) 260-0580 |

Street Address

9500 Blym Mawi Avenue

ROSEMONT, IL 60018

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest: 04/15/2022     Latest: 02/01/2024 |
| Disability | Continuing Action |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by the Respondent on March 8, 2022. My most recent position is Procurement Buyer. I informed my employer that I have a disability (severe vein and nerve damage). I had requested an accommodation and was first allowed an accommodation. It was withdrawn and denied on August 21, 2023.

AMENDMENT: On or about February 15, 2024, I was discharged.

I believe I have been discriminated against based on my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 04/09/24      *Willa Arellano* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| *Date*      *Charging Party Signature* | *(month, day, year)* |

Page 1 of 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| **WILLIAM R. ARELLANO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No.** |
| | ) | |
| | ) | |
| **HARIBO OF AMERICA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

---

**COMPLAINT**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. ARELLANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** |
| | ) | |
| | ) | |
| **HARIBO OF AMERICA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>COMPLAINT</u>**

# EXHIBIT C

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

| State or local Agency, if any | | and EEOC |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. William R, Arellano | (708) 209-6731 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 4329 Fishermans Terrace, Lyons, Illinois 60534 | 1981 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Haribo of America | 200+ | (847) 260-0580 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 9500 Blym Mawi Avenue, Rosemont, Illinois 60018 | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER (Specify)
Hostile Environment

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| 04/15/2022 | topresent |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on March 8, 2022. My most recent position is Procurement Buyer. I informed my employer that I have a disability (severe vein and nerve damage) I had requested an accomodation and was firat allowed an accomodation  then it was withdrawn and denied on August 21, 2023.

I believe that I have been discriminated based on my disability in violation of the American with Disabilities Act of 1990 as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 01/20/2024     Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)